

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

July 26, 1961

Honorable Robert S. Calvert
Comptroller of Public Accounts
Capitol Station
Austin, Texas

Dear Mr. Calvert:

Opinion No. WW-1097

Re: Whether an admission tax
is due under Chapter 21,
Title 122A, V.A.C.S., as
to the fifteen stated
situations.

You have requested an opinion of this department as to whether or not an admission tax is due under Title 122A, Chapter 21, Vernon's Civil Statutes, in each of the following situations:

"1.    Admission charged for entrance
       into Longhorn Cavern or other
       like natural phenomena?

"2.    Admission charged for admittance
       to a baseball game not played as
       part of the regular athletic pro-
       gram of a state school or state
       university?

"3.    Admission charged to any athletic
       event not held as part of the
       regular athletic program of a
       state school or state university?

"4.    Admission charged for attendance
       at an athletic event held in a
       public school or state supported
       university facility where proceeds
       go to a private person, firm or
       corporation?--i.e., where the
       Stadium facilities are leased by
       other than exempt organizations
       for a cash consideration?

"5.    Same facts as in 4 above, except the
       exempt owner receives a percentage
       of the admission charges as a rental
       fee?

"6.     Admission charged where performance
        (football, baseball, etc.,) is by a
        profit making organization with net
        profits to an exempt organization?

"7.     Admission charged to witness a
        rodeo?

"8.     Admission charged to a privately
        owned swimming pool or bathing
        beach?

"9.     Admission charged as an annual
        membership fee to a private
        swimming pool or bathing beach?

"10.    Admission charged to enter into
        and for use of the facilities of
        a 'fishing pier'?

"11.    Green fees paid by members of a
        County Club or Private Golf Club?

"12.    Green fees paid by or for guests
        of members of a County Club or
        Private Golf Course?

"13.    Green fees paid at a public golf
        course?

"14.    Admission paid to witness a horse
        race?

"15.    Admission to a fat stock show?"

        The law applicable to all of these questions is contained in
Article 21.01 and Article 21.02 of Chapter 21, Title 122A, V.C.S.,
herein set forth:

        "Article 21.01.  Reports Required.

        "Every person, firm, association of
persons, or corporation owning or operating
any place of amusement which charges a price
or fee for admission, including exhibitions
in theaters, motion picture theaters, opera
halls, and including horse racing, dog racing,
motorcycle racing, automobile racing, and
like contests and exhibitions, and including
dance halls, night clubs, skating rinks, and

any and all other places of amusements
not prohibited by law, shall file with
the Comptroller a quarterly report on
the twenty-fifth day of January, April,
July and October for the quarter ending
on the last day of the preceding month;
said report shall show the gross amount
received and the price or fee for ad-
mission; provided, however, that the re-
port herein required shall be made upon
the day following each amusement, exhi-
bition, entertainment, or contest, when
such amusement, exhibition, entertainment
or contest is not held continuously at
a regular fixed place or establishment;
and further provided, however, no tax
shall be levied under this Chapter on
any admission collected for dances,
moving pictures, operas, plays and
musical entertainments, all the pro-
ceeds of which inure exclusively to
the benefit of State, religious, educa-
tional or charitable institutions,
societies, or organizations, if no
part of the net earnings thereof inure
to the benefit of any private stock-
holder or individual or for any type
of exhibition or amusement conducted
by and for which all of the net proceeds
inure to the benefit of a nonprofit
corporation organized and chartered
under the laws of the State of Texas,
for the purpose of encouraging agri-
culture by the maintenance of public
fairs and exhibitions of livestock;
and provided further, that entertain-
ments such as *motion pictures, operas,
plays* and like amusements held at a
fixed and regular established motion
picture theater where the admission
charge is less than One Dollar and
One Cent ($1.01) per person, and where
no tax is due hereunder, shall be re-
lieved from the filing of a report
and the payment of a tax levied under
the provisions of this Chapter.  Said
person, firm, association of persons,
or corporation, at the time of making
such report shall pay to the Treasurer

of this State a tax in rates and amounts as hereinafter provided.

"Article 21.02.  Tax Imposed.

"(1)  There is hereby levied a tax of one cent (1¢) on each ten cents (10¢) or fractional part thereof paid as admission to entertainments such as motion pictures, operas, plays and like amusements held at places other than at a fixed and regularly established motion picture theater, where the admission charged is in excess of fifty-one cents (51¢) per person.

"(2) There is hereby levied on each admission to entertainments such as motion pictures, operas, plays and like amusements held at a fixed or regularly established motion picture theater, where the admission charged is in excess of One Dollar and Five Cents ($1.05) and not more than One Dollar and Fifteen Cents ($1.15) a tax of one cent (1¢); and where the admission charged is in excess of One Dollar and Fifteen Cents ($1.15) a tax of two cents (2¢) plus one cent (1¢) on each ten cents (10¢) or fractional part thereof in excess of One Dollar and Twenty-five Cents ($1.25).

"(3) There is hereby levied a tax of one cent (1¢) on each ten cents (10¢) or each fractional part thereof paid as admission to horse racing, dog racing, motorcycle racing, automobile racing, and like mechanical or animal contests and exhibitions.

"(4) There is hereby levied a tax of one cent (1¢) on each ten cents (10¢) or a fractional part thereof paid as admission to dance halls, night clubs, skating rinks, and any and all other like places of amusements, contests, and exhibitions where the admission charged is in excess of fifty-one cents (51¢).

>      "(5) There is hereby levied on
> the amounts paid for admission by
> season tickets, subscription, or lease
> for admission to any place of amuse-
> ment, a tax equivalent to ten per centum
> (10%) of the amount paid therefor, pro-
> vided a single admission to the place of
> amusement would be subject to taxation
> under the foregoing provisions.
>
>      "(6) The taxes herein levied
> shall not apply to complimentary
> tickets and passes for which no ad-
> mission charge is collected."

Article 21.01 requires the filing of reports with the State Comptroller of Public Accounts and provides certain exemptions from the taxes levied under Chapter 21 but does not levy any tax. This article is very broad and after enumerating specific amusements and exhibitions from which reports are required, also includes any and all other places of amusement not prohibited by law.

The taxing provisions are set forth in the first four sections of Article 21.02. This article is not as broad as Article 21.01, and each section after enumerating certain entertainments and exhibitions provides for such taxes on "like amusements", or "like mechanical or animal contests and exhibitions."

If any of the situations mentioned in your request are subject to admissions taxes, they must either be among those specifically named in Article 21.02 or "like amusements" or "like mechanical or animal contests and exhibitions" or "other like places of amusements, contests, and exhibitions."

Opinion No. 0-820 rendered by this department August 3, 1939, deals with the legality of charging admission taxes under Article 7047A(19), V.C.S., on a show giving an outdoor aeronautical demonstration without any racing. Article 7047A(19) has been recodified as Articles 21.01 and 21.02, Title 122A, V.C.S.

Opinion No. 0-820 discusses the doctrine of ejusdem generis which imports that general words following an enumeration of particular or specific things will be confined to those of the same kind. In brief, the general words so used are not to be construed in their widest sense but are to be held as applying only to persons or things of the same kind and class as those enumerated. Opinion No. 0-820 is hereby referred to for a more complete discussion of this matter.

In 40 Tex.Jur. 69, Taxation, Sec. 45, it is said:

"While it has been said that 'in the construction of provisions of tax laws which point out the subjects to be taxed, and indicate the time, circumstances, and manner of assessment, there is no reason for peculiar and rigid rules,' yet where the legislative intent is ambiguous or obscure, a rule of strict construction is applied as against the State and of liberal construction in favor of taxpayers. . . ."

Your question No. 1 is whether admission charged for entrance into Longhorn Cavern or other like natural phenomena is subject to admission taxes.

Sections 1 and 2 of Article 21.02 levy taxes on admissions to motion pictures, operas, plays and like amusements. It appears clear to us that the Longhorn Cavern or other like natural phenomena does not come within this type of amusement. Section 3 of Article 21.02 provides for a tax on admission to horse racing, dog racing, motorcycle racing, automobile racing, and like mechanical or animal contests and exhibitions. Clearly this section cannot be applied to the Longhorn Cavern or other like natural phenomena. Section 4 of Article 21.02 provides for a tax on admission to dance halls, night clubs, skating rinks, and any and all other like places of amusements, contests, and exhibitions. Section 4 does not apply to question No. 1. It is therefore our opinion that admission charges for entrance into Longhorn Cavern or other like natural phenomena are not subject to the admission tax.

Questions Nos. 2, 3, 4, 5 and 6 concern athletic events and games such as baseball, football and basketball. The tax levied by Article 21.02 covers motion pictures, operas, plays and like amusements; horse racing, dog racing, motorcycle racing, automobile racing and like mechanical or animal contests and exhibitions; dance halls, night clubs, skating rinks, and any and all other like places of amusements, contests and exhibitions. Under the doctrine of ejusdem generis these athletic events are not like amusements, exhibitions or contests as described in Article 21.02 and are therefore not subject to admissions taxes.

Questions No. 7 asks whether admission charged to witness a rodeo is taxable. A rodeo is not a horse race as that term is used in Article 21.02, nor is it a like mechanical or animal contest and exhibition as provided by Sec. 3 of Art. 21.02. Nor is it subject to other taxes as provided by Art. 21.02. Therefore, it is our opinion that a rodeo is not subject to admission taxes.

Questions Nos. 8, 9 and 10 concern admission charges for membership fees or entry to privately owned swimming pools, bathing beaches and fishing piers. It is our opinion that although swimming pools, bathing beaches, or fishing piers might be classed as places of amusement, they would not be like places of amusement as that term is used in Article 21.02 and therefore would not be subject to admission taxes.

Questions Nos. 11, 12 and 13 ask whether or not green fees paid for the privilege of playing golf on a public or private golf course are subject to admission taxes. It is clear to us that green fees paid for the privilege of playing golf on a public or private course are likewise not like amusements, exhibitions or contests as mentioned in Article 21.01 and therefore are not subject to the admission tax.

Question No. 14 concerns "Admissions paid to witness a horse race". Horse racing is specifically mentioned in Sec. 3 of Art. 21.02 and admission charges to such events are subject to the tax, provided the horse racing is not sponsored by an exempt corporation as set forth in Article 21.01.

Question No. 15 asks whether admission charges to witness a fat stock show are subject to an admission tax. If a fat stock show consists of the viewing and judging of the animals entered it is our opinion that a fat stock show is not a like amusement, contest or exhibition under Art. 21.02 and therefore is not subject to an admission tax.

## S U M M A R Y

Admissions charged for entrance into places of natural phenomena, athletic games, bathing beaches, swimming pools, fishing piers, rodeos, fat stock shows, and green fees paid for the privilege of playing golf, are not subject to admission taxes.

Admission charged to witness a horse race is subject to admission taxes, provided it is not sponsored by an exempt corporation.

Yours very truly,

WILL WILSON
Attorney General of Texas

J. H. Broadhurst
Assistant Attorney General

JHB:jp

APPROVED:

OPINION COMMITTEE:
W. V. Geppert, Chairman

W. E. Allen
Lawrence Hargrove
Robert Rowland

REVIEWED FOR THE ATTORNEY GENERAL
By:  Morgan Nesbitt